# EXHIBIT B

# EXHIBIT B-1

Filed: 1/26/2016 4:23:31 PM
Yoon Kim
District Clerk
Collin County, Texas
By Velia Duong Deputy
Envelope ID: 8825973

219-00404-2016

CAUSE NO. _____

| | | |
|---|---|---|
| JONATHAN BEAM | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | ____ JUDICIAL DISTRICT |
| SETERUS, INC. | § § § | |
| Defendant. | § § § | COLLIN COUNTY, TEXAS |

## ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, JONATHAN BEAM ("Plaintiff"), who files this Original Petition against SETERUS, INC. ("Defendant") and in support thereof, shows the court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

### PARTIES AND SERVICE

2. Plaintiff is an individual who reside in Collin County, Texas

3. Defendant is a foreign entity and doing business under the laws of the State of Texas. Defendant does not have a registered agent for the State of Texas therefor service of process may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent, <u>CT Corporation, 1999 Bryan St., Suite 900, Dallas, TX  75201.</u>

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief.

5. This Court has personal jurisdiction because the property, which is the subject of this litigation, is located in Texas and Defendant is doing business within this state.

6. Venue in this cause is proper in Collin County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property, and the property is located in Collin County, Texas.

## FACTS

7. Plaintiff is the record owner of the property located 4652 SUNNYBROOK DRIVE ("Property").

8. On or about June 27, 2003, Plaintiff signed a Promissory Note ("Note") in the amount of One Hundred Twenty-Seven Thousand Five Hundred and No/100 Dollars ($127,500.00) for the purchase of the Property.

9. The Note is secured by that certain Deed of Trust dated of same date, executed by Plaintiff for the benefit of the Citibank, F.S.B.. as the Original Mortgagee ("Deed of Trust").

10. Plaintiff requested loan modification assistance from Defendant and was approved for a trial plan period loan modification in November 2015. Defendant offered a trial modification plan ("Trial Period Plan") in which Plaintiff was required to make three (3) trial plan payments in the amount of $1,499.00 ("Trial Plan Payment"). Defendant stated that once Plaintiff had made all three (3) Trial Plan Payments then Defendant would give Plaintiff a permanent loan modification.

11. Plaintiff accepted the Trial Period Plan and made the first Trial Plan Payment on December 1, 2014 as required by Defendant.

12. Plaintiff then made the additional two (2) Trial Plan Payment on January 2, 2015 and February 2. 2015.

13. Plaintiff had not received the permanent modification agreement by March 1, 2015 so they sent in yet another Trial Plan Payment on March 1, 2015.

14. In late February 2015, Plaintiff contacted Defendant to request the status of his permanent modification and Defendant promised that it was on its way.

15. Plaintiff has contacted Defendant every month since March 2015 to request that Defendant send the permanent modification agreement to him and yet Defendant has never sent such.

16. When Defendant would state that they had already sent the modification agreement to Plaintiff via U.S. Postal Mail, Plaintiff requested that Defendant send it again thru a carrier service that they could track and have Plaintiff sign for the package. Defendant would state that they were not allowed to send any packages that required a signature from the recipient.

17. Plaintiff spoke to numerous agents of Defendant, including one by the name of Adam. Adam was very unprofessional to Plaintiff and would not offer any helpful assistance to Plaintiff whatsoever.

18. Plaintiff has yet to receive the permanent modification agreement from Defendant and now Defendant will not accept any payments from Plaintiff unless it is the entire amount of the loan. Plaintiff has had the funds to make payments on the loan but Defendant will not accept any.

19. Plaintiff has never received any correspondence from Defendant, verbal or in writing that he had been denied a permanent loan modification.

20. Defendant has posted Plaintiff's Property for a foreclosure sale to occur on February 2, 2016.

## AGENCY AND RESPONDEAT SUPERIOR

21. Whenever in this petition it is alleged that Defendant, did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

## VIOLATION OF 12 CFR SECTION 1024.41

22. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

23. Plaintiff submitted a loan modification application with Defendant, which is a loss mitigation application as understood by 12 CFR Section 1024.41(b). Yet Defendant has failed to complete with 12 CFR Section 1024.41 and has specifically failed to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Defendant does not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

24. The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees.

### BREACH OF CONTRACT

25.   Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

26.   The Trial Period Plan is a contract between Plaintiff and Defendant.

27.   Defendant offered the Trial Period Plan and Plaintiff accepted the Modification Plan. Plaintiff tendered payments under the terms of the Trial Period Plan and Defendant accepted all such funds.

28.   Defendant breached the Trial Period Plan thereby causing Plaintiff to not be able to perform under the agreement.

29.   By not fulfilling its promise to permanently modify Plaintiff's loan after Plaintiff had tendered the three (3) required Trial Plan Payments and one additional payments, Defendant breached the agreement and as a result of Defendant's wrongful conduct described above, Defendant waived its right to foreclose.

### NEGLIGENT MISREPRESENTATION

30.   All facts alleged above, herein, and below are hereby incorporated by reference.

31.   To establish a claim for a negligent misrepresentation Plaintiff must show (1) the representation in question was made by the Defendant in the course of business or in a

transaction in which it has a pecuniary interest (2) Defendant supplied false information for the guidance of others in its business (3) Defendant did not exercise reasonable care or competence by obtaining or communicating the information, and (4) Plaintiff suffered loss by justifiably relying on the representation.

32. As specified above, Defendant undertook to perform several services, including providing loss mitigation plans to homeowners and otherwise accepting mortgage payments from homeowners. Defendant represented to Plaintiff that upon the receipt of three (3) Trial Plan Payments, Defendant would permanently modify Plaintiff's loan. However, Defendant failed to exercise reasonable care or competence in communicating information to Plaintiff and Plaintiff has suffered pecuniary loss by such.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein.

Further, Plaintiff respectfully prays that upon a final trial, the Court:

a. Enter judgment in favor of Plaintiff for statutory damages and costs;

b. Award Plaintiff compensatory damages as allowed by law;

c. Award Plaintiff exemplary damages as allowed by law;

d. Award Plaintiff reasonable and necessary attorney fees and costs; and

e. Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        D. KIMBERLI WALLACE, PLLC

        ***/s/ D. Kimberli Wallace***
        D. Kimberli Wallace
        Texas Bar No. 00792901
        9500 Ray White Rd., Suite 200
        Fort Worth, Texas  76244
        Tel. (817) 745-4581
        Fax (817) 953-7000
        Email: kwallace@kwlawfirm.net
        Attorney for Plaintiff